Brenda A. JOHNSON, Plaintiff–
Appellant,

v.

SHAWNEE COUNTY BOARD OF
COUNTY COMMISSIONERS,
Defendant–Appellee.

No. 03–3196.

United States Court of Appeals,
Tenth Circuit.

June 9, 2004.

Pantaleon Florez, Jr., Florez & Frost,
Topeka, KS, for Plaintiff–Appellant.

Deanne Watts Hay, Ron D. Martinek,
Parker & Hay, Topeka, KS, for Defen-
dant–Appellee.

Before EBEL, ANDERSON, and
BRISCOE, Circuit Judge.

## ORDER AND JUDGMENT[*]

STEPHEN H. ANDERSON, Circuit
Judge.

After examining the briefs and appellate
record, this panel has determined unani-
mously that oral argument would not ma-
terially assist the determination of this
appeal. See Fed. R.App. P. 34(a)(2); 10th
Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Plaintiff Brenda Johnson sued her for-
mer employer, the Board of County Com-
missioners of Shawnee County, Kansas,
alleging that it violated the Americans
with Disabilities Act (ADA), 42 U.S.C.
§§ 12101–12213, Title VII of the Civil
Rights Act (Title VII), 42 U.S.C. § 2000e

through 2000e–17, and the Kansas Act
Against Discrimination (KAAD), Kan. Stat.
Ann. §§ 44–1001 through 44–1013. The
district court granted summary judgment
to defendant on all claims, and plaintiff
appeals.

The district court's order sets forth the
relevant facts. Briefly, plaintiff had a his-
tory of fibromyalgia and seizures con-
trolled by medication. She was employed
by defendant as a registered nurse. Al-
though defendant had previously agreed to
accommodate plaintiff's disabilities by
scheduling her to work on a schedule of
five days on and two days off if it would
not cause it undue hardship, it scheduled
plaintiff to work over a weekend during a
nursing shortage. Plaintiff refused to
work the weekend, citing a recent seizure.
Defendant requested a medical evaluation
from a physician, but thereafter did not
schedule plaintiff to work more than five
days in a row. Based on plaintiff's de-
scription of her current seizure activity,
defendant placed plaintiff on medical leave
and asked her to provide medical docu-
mentation that her seizures were under
control, and that any seizure she might
suffer on the job would be so minor as to
not cause a direct threat to plaintiff or her
patients. When plaintiff did not provide
this medical documentation after more
than six months, defendant terminated her
employment.

Plaintiff filed a complaint alleging that
defendant failed to provide reasonable ac-
commodations for her disabilities in viola-
tion of the ADA, terminated her in retalia-
tion for making a claim under the ADA,
and discriminated against her in violation
of the ADA and Title VII by refusing to

---

[*] This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
The court generally disfavors the citation of

orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

afford her, as an African–American, the same or similar accommodations afforded to similarly situated Caucasian employees. The district court found that plaintiff was disabled as defined by the ADA because the evidence supported an inference that defendant regarded her as disabled. *See* 42 U.S.C. § 12102(2)(C). It ruled, however, that there was no evidence defendant had failed to reasonably accommodate her disability. *See* 42 U.S.C. § 12112(b)(5)(A). Further, it ruled that plaintiff had not presented evidence that defendant retaliated against her or that she was treated differently than other similarly-situated employees.

"We review a grant of summary judgment *de novo*, applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir.2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Plaintiff argues on appeal that the district court erroneously granted summary judgment in favor of the defendant because it ignored facts that she believes to be material and improperly weighed the evidence. Plaintiff further argues that the district court erred as a matter of law in finding that she did not demonstrate violations of Title VII, the ADA, and the KAAD.

We have reviewed the parties' briefs, the record on appeal, the relevant law, and the district court's order. We have considered plaintiff's arguments, and we conclude that the district court thoroughly and accurately recited the evidence of record, did not omit material facts or improp-

erly weigh the evidence, and correctly determined there was no evidence defendant had failed to reasonably accommodate her disability, treated her differently than other similarly situated employees or retaliated against her. We need not add anything to the district court's decision which contains a well-reasoned legal analysis and detailed discussion of the evidence before that court. Therefore, we AFFIRM the district court's grant of summary judgment for substantially the reasons stated in its Memorandum Order dated May 28, 2003.